FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 29, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOB G.,[1] <br><br>      Plaintiff, <br><br>    vs. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br>     Defendant. | No. 2:20-cv-00111-MKD <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> ECF Nos. 19, 21 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 19, 21. The parties consented to proceed before a magistrate judge. ECF No. 8. The Court, having reviewed the administrative record and the parties' briefing,

_____

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

1  is fully informed.  For the reasons discussed below, the Court grants Plaintiff's

2  motion, ECF No. 19, and denies Defendant's motion, ECF No. 21.

3  ## JURISDICTION

4  The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g);

5  1383(c)(3).

6  ## STANDARD OF REVIEW

7  A district court's review of a final decision of the Commissioner of Social

8  Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

9  limited; the Commissioner's decision will be disturbed "only if it is not supported

10  by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153,

11  1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

12  reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159

13  (quotation and citation omitted).  Stated differently, substantial evidence equates to

14  "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and

15  citation omitted).  In determining whether the standard has been satisfied, a

16  reviewing court must consider the entire record as a whole rather than searching

17  for supporting evidence in isolation.  *Id.*

18  In reviewing a denial of benefits, a district court may not substitute its

19  judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

20  1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

ORDER - 2

1  rational interpretation, [the court] must uphold the ALJ's findings if they are

2  supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

3  F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an

4  ALJ's decision on account of an error that is harmless." *Id.* An error is harmless

5  "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

6  *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's

7  decision generally bears the burden of establishing that it was harmed. *Shinseki v.*

8  *Sanders*, 556 U.S. 396, 409-10 (2009).

9  **FIVE-STEP EVALUATION PROCESS**

10       A claimant must satisfy two conditions to be considered "disabled" within

11  the meaning of the Social Security Act. First, the claimant must be "unable to

12  engage in any substantial gainful activity by reason of any medically determinable

13  physical or mental impairment which can be expected to result in death or which

14  has lasted or can be expected to last for a continuous period of not less than twelve

15  months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's

16  impairment must be "of such severity that he is not only unable to do his previous

17  work[,] but cannot, considering his age, education, and work experience, engage in

18  any other kind of substantial gainful work which exists in the national economy."

19  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

20

ORDER - 3

1    The Commissioner has established a five-step sequential analysis to

2    determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§

3    404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner

4    considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

5    416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

6    Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

7    404.1520(b), 416.920(b).

8    If the claimant is not engaged in substantial gainful activity, the analysis

9    proceeds to step two.  At this step, the Commissioner considers the severity of the

10   claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the

11   claimant suffers from "any impairment or combination of impairments which

12   significantly limits [his or her] physical or mental ability to do basic work

13   activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c),

14   416.920(c).  If the claimant's impairment does not satisfy this severity threshold,

15   however, the Commissioner must find that the claimant is not disabled.  *Id.*

16   At step three, the Commissioner compares the claimant's impairment to

17   severe impairments recognized by the Commissioner to be so severe as to preclude

18   a person from engaging in substantial gainful activity.  20 C.F.R. §§

19   404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more

20

ORDER - 4

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

education, and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

416.920(a)(4)(v).  If the claimant is capable of adjusting to other work, the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§

404.1520(g)(1), 416.920(g)(1).  If the claimant is not capable of adjusting to other

work, analysis concludes with a finding that the claimant is disabled and is

therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that 1) the claimant is

capable of performing other work; and 2) such work "exists in significant numbers

in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v.*

*Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On April 28, 2016, Plaintiff applied both for Title II disability insurance

benefits and Title XVI supplemental security income benefits alleging a disability

onset date of January 1, 2008.  Tr. 49, 125, 273-86.  The applications were denied

initially and on reconsideration.  Tr. 197-205, 208-15.  Plaintiff appeared before an

administrative law judge (ALJ) on October 5, 2017; the hearing was continued in

order to obtain updated medical records and give Plaintiff time to obtain a

representative.  Tr. 70-81.  Plaintiff appeared for a second hearing on February 2,

2018.  Tr. 82-124.  On July 17, 2018, the ALJ denied Plaintiff's claim.  Tr. 82-124.

At step one of the sequential evaluation process, the ALJ found Plaintiff,

who met the insured status requirements through June 30, 2009, has not engaged in

substantial gainful activity since June 1, 2008.  Tr. 52.  At step two, the ALJ found

that through June 30, 2009, Plaintiff had the following severe impairments:

bilateral medial compartment degenerative joint disease of the knees; right partial

meniscus tear, status-post 2009 surgical repair; status-post 2006 right shoulder

acromioclavicular separation; degenerative disc disease of the lumbar region of the

spine; hypertension; depressive disorder; personality disorder with antisocial

features; and alcohol abuse.  Tr. 52.  The ALJ found that as of April 28, 2016,

Plaintiff had the following severe impairments: musculoskeletal impairments of the

right knee, status post partial right meniscectomies in 2009 and 2011; left knee

posterior horn medial meniscal tear with chondral fissure in the medial patellar

facet, multilevel degenerative disc disease of the lumbar region of the spine; status-

post 2006 right shoulder acromioclavicular separation; hypertension; depressive

disorder; personality disorder with antisocial features; and history [of] alcohol

abuse in self-reported remission.  *Id.*

At step three, the ALJ found Plaintiff has not had an impairment or

combination of impairments that has met or medically equals the severity of a

ORDER - 7

listed impairment during either of the relevant adjudicative periods. Tr. 53. The

ALJ then concluded that Plaintiff has had the RFC to perform light work during

both relevant adjudicative periods with the following limitations:

> [Plaintiff] could lift and carry a maximum of 10 pounds frequently and a maximum of 20 pounds occasionally. [Plaintiff] could sit for a maximum of one hour at a time. He could stand or walk for a maximum of 30 minutes at a time for a total of four hours in an eight-hour workday with normal breaks. [Plaintiff] could never have even moderate exposure to standing, walking, or balancing on uneven terrain; crouching; kneeling; stooping; or crawling. He could never climb ladders, ropes, or scaffolds. [Plaintiff] could perform occasional overhead reaching with the right upper extremity. He could never have concentrated exposure to extreme cold or industrial vibration. [Plaintiff] could never have any exposure to unprotected heights, dangerous moving machinery, or commercial driving. He could perform simple, routine tasks. [Plaintiff] could perform more complex tasks provided they were predictable in nature and did not involve unexpected changes to the routine work setting that would require on-the-spot adaptation. He could have superficial interaction with the public. [Plaintiff] could have superficial interaction with coworkers in cooperative teamwork endeavors performed throughout the workday.

Tr. 54-55.

At step four, the ALJ found Plaintiff is unable to perform any of his past

relevant work. Tr. 61. At step five, the ALJ found that, considering Plaintiff's

age, education, work experience, RFC, and testimony from the vocational expert,

there were jobs that existed in significant numbers in the national economy that

Plaintiff could perform, such as marker, production assembler, and inspector/hand

packager. Tr. 62. Therefore, the ALJ concluded Plaintiff was not under a

disability, as defined in the Social Security Act, from the alleged onset date of January 1, 2008 through the date of the decision.  *Id.*

On January 24, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-7, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for review:

1.  Whether the ALJ properly evaluated the medical opinion evidence;

Whether the ALJ properly evaluated Plaintiff's symptom claims; and

2.  Whether the ALJ conducted a proper step-five analysis.

ECF No. 19 at 13.

**DISCUSSION**

**A. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in her consideration of the opinions of Marilyn Rogers, ARNP, and Chris Buscher, PA-C.[2]  ECF No. 19 at 19-20.  There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)."  *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted).  Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's.  *Id.* at 1202.  "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of

_____

[2] Plaintiff also contends the ALJ did not address the State agency opinions, ECF No. 19 at 16, however the ALJ gave significant weight to the State agency opinions, Tr. 60.

ORDER - 10

specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995)). The opinion of a nonexamining physician may serve as substantial evidence if it is supported by other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

"Only physicians and certain other qualified specialists are considered '[a]cceptable medical sources.'" *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir.

ORDER - 11

2014) (alteration in original); *see* 20 C.F.R. §§ 404.1513, 416.913 (2013).[3]

However, an ALJ is required to consider evidence from non-acceptable medical

sources, such as therapists.  20 C.F.R. §§ 404.1513(d), 416.913(d) (2013).[4]  An

ALJ may reject the opinion of a non-acceptable medical source by giving reasons

germane to the opinion.[5]  *Ghanim*, 763 F.3d at 1161.

  *1.  Ms. Rogers*

       On September 15, 2008, Ms. Rogers, a treating nurse practitioner, rendered

an opinion on Plaintiff's functioning.  Tr. 383-86.  Ms. Rogers diagnosed Plaintiff

with loose body in his knees, backache, hemoptysis/likely COPD, depression,

---

[3] The regulation that defines acceptable medical sources is found at 20 C.F.R. §§

404.1502, 416.902 for claims filed after March 27, 2017.  The Court applies the

regulation in effect at the time the claim was filed.

[4] The regulation that requires an ALJ's consider opinions from non-acceptable

medical sources is found at 20 C.F.R. §§ 404.1502c, 416.920c for claims filed after

March 27, 2017.  The Court applies the regulation in effect at the time the claim

was filed.

[5] Plaintiff cited to case law related to treating and examining physicians, ECF No.

19 at 20-21, however Ms. Rogers and Mr. Buscher are not acceptable medical

sources.

ORDER - 12

alcohol abuse, and hypertension.  Tr. 385.  She opined Plaintiff's knee impairment

causes severe limitations in his ability to walk, lift, kneel, and squat; his backache

causes marked limitations in his ability to lift, handle, and carry; his hemoptysis

causes moderate limitations in his ability to walk; his depression causes moderate

limitations in his ability to communicate and understand/follow instructions; his

alcohol abuse causes marked limitations in his ability to walk and

understand/follow instructions; and his hypertension causes mild limitations in his

ability to walk.  *Id.*  She further opined Plaintiff is limited in his ability to bend,

climb crouch, handle, kneel, and stoop, and he has a severe limitation in his ability

to perform construction activities.  *Id.*  She opined Plaintiff's overall work level is

sedentary, and his limitations were expected to last at least 12 months.  Tr. 385-86.

The ALJ gave no significant weight to Ms. Rogers' opinion.  Tr. 59.  As Ms.

Rogers is not an acceptable medical source, the ALJ was required to give germane

reasons to reject the opinion.  *See Ghanim*, 763 F.3d at 1161.

First, the ALJ found Ms. Rogers' opinion was not supported by appropriate

diagnostic or clinical findings, nor the minimal medical evidence pertaining to that

time period.  Tr. 59.  A medical opinion may be rejected if it is unsupported by

medical findings.  *Bray*, 554 F.3d at 1228; *Batson v. Comm'r of Soc. Sec. Admin.*,

359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas*, 278 F.3d at 957; *Tonapetyan v.

Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Matney v. Sullivan*, 981 F.2d 1016,

1019 (9th Cir. 1992).  An ALJ may discredit physicians' opinions that are

unsupported by the record as a whole.  *Batson*, 359 F.3d at 1195.  Moreover, an

ALJ is not obliged to credit medical opinions that are unsupported by the medical

source's own data and/or contradicted by the opinions of other examining medical

sources.  *Tommasetti*, 533 F.3d at 1041.

Ms. Rogers listed Plaintiff's treatment, symptoms, and abnormal findings,

including reduced range of motion and an abnormal gait, and cited to the physical

examination she performed, which documented abnormal range of motion in the

spine and knees, decreased strength, pain, stiffness, cracking in knees, mildly

anxious mood, and depressed and somewhat flat affect. Tr. 383-88.  She also noted

an x-ray documented mild medial compartment joint space narrowing in both

knees, and noted Plaintiff had loose bodies in his left knee.  Tr. 388.  The ALJ

noted Plaintiff had intact knee stability and mild to moderate lumbar degenerative

changes, with no radicular findings, Tr. 57-58, which Defendant argues is

inconsistent with Ms. Rogers' opinion, ECF No. 21 at 13.  However, most of the

cited records are from 2016, Tr. 470, 474, 529-31, 588-91, which fails to provide

evidence that is inconsistent with a 2008 opinion, particularly when Plaintiff had

knee surgery in 2009 and 2011, Tr. 409, 454-56.

The only records cited by Defendant that fall during the period when Ms.

Rogers rendered her opinion were from Ms. Rogers' own examination and the

ORDER - 14

lumbar spine imaging.  ECF No. 21 at 13 (citing Tr. 388, 501).  Ms. Rogers'

examination identified multiple abnormalities in the knees and lumbar spine, Tr.

388, although the imaging showed only mild changes in the lumbar spine, Tr. 501.

Defendant also argues there is no evidence of radicular symptoms, ECF No. 21 at

13 (citing Tr. 529), despite evidence of Plaintiff reporting back pain radiating into

his legs and leg numbness, and on examination, the provider noted Plaintiff had

balance difficulties and abnormal reflexes, Tr. 529-30.  While Defendant argues

the medical evidence was largely unremarkable, ECF No. 21 at 14, Plaintiff had

multiple abnormalities on examination as discussed *supra,* and required knee

surgery in 2009 and 2011.  The ALJ erred in finding Ms. Rogers opinion is not

supported by diagnostic or clinical findings.

Second, the ALJ found Ms. Rogers' opinion stated Plaintiff was not capable

of heavy construction work, which is consistent with Plaintiff being able to

perform more than sedentary work.  Tr. 59-60.  An ALJ need not provide reasons

for rejecting a physician's opinion where the ALJ incorporated them into the RFC.

*Turner v. Comm'r, Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010).  Ms.

Rogers stated Plaintiff has severe limitations in his ability to perform construction

activities.  Tr. 385.  However, when presented with the definitions of the different

work levels, she also opined Plaintiff is limited to sedentary work.  *Id.*  Ms.

Rogers' opinion is not consistent with a finding Plaintiff can perform more than

ORDER - 15

1  sedentary work, and the ALJ erred in finding the opinion was consistent with a

2  more than sedentary RFC.

3        Third, the ALJ found Ms. Rogers is not an acceptable medical source.  Tr.

4  60.  The ALJ is required to consider evidence from non-acceptable medical

5  sources.  20 C.F.R. §§ 404.1527, 416.927 (2012).  Although an individual's status

6  as a medically acceptable source may impact the amount of deference the ALJ

7  gives to an opinion, the ALJ may not reject an opinion as to a claimant's

8  limitations because the opinion comes from a non-acceptable medical source.  20

9  C.F.R. §§ 404.1527, 416.927 (2012).  While an ALJ may consider the fact that a

10 provider is not an acceptable medical source when weighing an opinion, an ALJ

11 cannot reject an opinion solely because it came from a non-acceptable source.  As

12 the ALJ's other reasons for rejecting Ms. Rogers' opinion are not supported by the

13 evidence, the fact that Ms. Rogers is not an acceptable medical source is not

14 sufficient reason alone to reject the opinion.

15       On remand, the ALJ is directed to reconsider Ms. Rogers' opinion and

16 incorporate the limitations into the RFC or give germane reasons to reject the

17 opinion.

18       *2. Mr. Buscher*

19     On March 23, 2016, Mr. Buscher, a treating Physician's assistant, rendered an

20 opinion on Plaintiff's functioning.  Tr. 464-66.  Mr. Buscher diagnosed Plaintiff

ORDER - 16

with chronic lumbar back pain and chronic left knee pain.  Tr. 465.  He opined

Plaintiff's back pain causes marked limitations in sitting, standing, walking, lifting,

carrying, handling, pushing, pulling, reaching, stooping, and crouching, and

Plaintiff's knee pain causes moderate limitations in Plaintiff's ability to walk, lift,

carry, stoop, and crouch.  *Id.*  He further opined Plaintiff is limited to sedentary

work, and estimated the limitations would persist for 12 months.  Tr. 466.

On February 26, 2018, Mr. Buscher again rendered an opinion on Plaintiff's

functioning.  Tr. 600-03.  Mr. Buscher opined Plaintiff had the same limitations

due to his knee and back pain as he had in 2016, and his right arm impairment

causes moderate limitations in Plaintiff's ability to carry, handle, push, pull, and

stoop.  Tr. 602.  He again opined Plaintiff was limited to sedentary work, but did

not give an opinion on the duration of time the limitations would last.  Tr. 603.

The ALJ gave no significant weight to Mr. Buscher's 2016 opinion.  Tr. 60.

The ALJ did not specify the weight given to Mr. Buscher's 2018 opinion.  *See* Tr.

60.  As Mr. Buscher is not an acceptable medical source, the ALJ was required to

give germane reasons to reject the opinions.  *See Ghanim*, 763 F.3d at 1161.

The ALJ discussed Mr. Buscher's 2018 examination, but did not address the

opinion and did not provide any reasons for rejecting the opinion.  Tr. 58, 60.  The

ALJ must evaluate every medical opinion received according to a list of factors set

forth by the Social Security Administration.  20 C.F.R. §§ 404.1527(c), 416.927(c).

"Where an ALJ does not explicitly reject a medical opinion or set forth specific,
legitimate reasons for crediting one medical opinion over another, he errs."
*Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (citing *Nguyen v. Chater*,
100 F.3d 1462, 1464 (9th Cir. 1996)).  The ALJ noted Mr. Buscher's February
2018 opinion documented several findings including Plaintiff had limited range of
motion in his right arm, but he did not have pain to palpation or movement, and he
had normal sensation in his right upper extremity.  Tr. 58 (citing Tr. 607).  Plaintiff
also had weak strength, and diffuse pain to palpation of the lumbar spine.  Tr. 58
(citing Tr. 607).  Defendant argues the ALJ reasonably rejected Mr. Buscher's
opinions as conflicting with his examination findings, ECF No. 21 at 14, however
the ALJ did not offer such reasoning as the ALJ did not address Mr. Buscher's
2018 opinion.  Mr. Buscher opined Plaintiff has moderate limitations in his ability
to push, pull, and stoop, Tr. 601, while the ALJ did not limit Plaintiff's pushing nor
pulling, Tr. 54-55.  As such, the ALJ rejected Mr. Buscher's 2018 opinion, without
providing germane reasons to reject the opinion.  As the ALJ erred in rejecting Mr.
Buscher's 2018 opinion, and Mr. Buscher's 2016 opinion contains similarities to
the 2018 opinion, the ALJ is directed on remand to reconsider both Mr. Buscher's
2016 opinion and 2018 opinion and incorporate the limitations into the RFC or
give germane reasons to reject the opinions.

ORDER - 18

**B. Plaintiff's Symptom Claims**

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting his symptom claims. ECF No. 19 at 14-19. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16–3p, 2016 WL 1119029, at *2. "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester*, 81 F.3d at 834; *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's

symptom claims)).  "The clear and convincing [evidence] standard is the most

demanding required in Social Security cases."  *Garrison v. Colvin*, 759 F.3d 995,

1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920,

924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting

effects of a claimant's symptoms include: 1) daily activities; 2) the location,

duration, frequency, and intensity of pain or other symptoms; 3) factors that

precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

side effects of any medication an individual takes or has taken to alleviate pain or

other symptoms; 5) treatment, other than medication, an individual receives or has

received for relief of pain or other symptoms; 6) any measures other than treatment

an individual uses or has used to relieve pain or other symptoms; and 7) any other

factors concerning an individual's functional limitations and restrictions due to

pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §§

404.1529(c), 416.929(c).  The ALJ is instructed to "consider all of the evidence in

an individual's record," to "determine how symptoms limit ability to perform

work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could

reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

1  statements concerning the intensity, persistence, and limiting effects of his

2  symptoms were not entirely consistent with the evidence.  Tr. 56.

3       The ALJ's evaluation of Plaintiff's symptom claims and the resulting

4  limitations largely relies on the ALJ's assessment of the medical evidence.  Having

5  determined a remand is necessary to readdress the medical source opinions, any

6  reevaluation must necessarily entail a reassessment of Plaintiff's subjective

7  symptom claims.  Thus, the Court need not reach this issue and on remand the ALJ

8  must also carefully reevaluate Plaintiff's symptom claims in the context of the

9  entire record.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because

10  we remand the case to the ALJ for the reasons stated, we decline to reach

11  [plaintiff's] alternative ground for remand.").

12  **C. Step Five**

13       Plaintiff argues the ALJ erred at step five.  ECF No. 19 at 20.  At step five of

14  the sequential evaluation analysis, the burden shifts to the Commissioner to

15  establish that 1) the claimant can perform other work, and 2) such work "exists in

16  significant numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2),

17  416.960(c)(2); *Beltran*, 700 F.3d at 389.  In assessing whether there is work

18  available, the ALJ must rely on complete hypotheticals posed to a vocational

19  expert.  *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996).  The ALJ's

20  hypothetical must be based on medical assumptions supported by substantial

ORDER - 21

1    evidence in the record that reflects all of the claimant's limitations.  *Osenbrook v.*

2    *Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001).  The hypothetical should be "accurate,

3    detailed, and supported by the medical record."  *Tackett*, 180 F.3d at 1101.

4    The hypothetical that ultimately serves as the basis for the ALJ's

5    determination, i.e., the hypothetical that is predicated on the ALJ's final RFC

6    assessment, must account for all the limitations and restrictions of the claimant.

7    *Bray*, 554 F.3d at 1228.  As discussed above, the ALJ's RFC need only include

8    those limitations found credible and supported by substantial evidence.  *Bayliss*,

9    427 F.3d at 1217 ("The hypothetical that the ALJ posed to the VE contained all of

10   the limitations that the ALJ found credible and supported by substantial evidence

11   in the record.").  "If an ALJ's hypothetical does not reflect all of the claimant's

12   limitations, then the expert's testimony has no evidentiary value to support a

13   finding that the claimant can perform jobs in the national economy."  *Id.*  However,

14   the ALJ "is free to accept or reject restrictions in a hypothetical question that are

15   not supported by substantial evidence."  *Greger v. Barnhart*, 464 F.3d 968, 973

16   (9th Cir. 2006).  Therefore, the ALJ is not bound to accept as true the restrictions

17   presented in a hypothetical question propounded by a claimant's counsel if they are

18   not supported by substantial evidence.  *Magallanes v. Bowen*, 881 F.2d 747, 756-

19   57 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986).  A

20   claimant fails to establish that a step five determination is flawed by simply

ORDER - 22

restating argument that the ALJ improperly discounted certain evidence, when the record demonstrates the evidence was properly rejected. *Stubbs-Danielson*, 539 F.3d at 1175-76.

As the case is being remanded for the ALJ to reconsider the medical opinion evidence and Plaintiff's symptom claims, the ALJ is instructed to perform the entire five-step process anew.

**D. Remedy**

Plaintiff urges this Court to remand for an immediate award of benefits as of Plaintiff's fiftieth birthday. ECF No. 19 at 19.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three

conditions are met.  *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)

(citations omitted).  Under the credit-as-true rule, where (1) the record has been

fully developed and further administrative proceedings would serve no useful

purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting

evidence, whether claimant testimony or medical opinion; and (3) if the improperly

discredited evidence were credited as true, the ALJ would be required to find the

claimant disabled on remand, the Court will remand for an award of benefits.

*Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).  Even where the three

prongs have been satisfied, the Court will not remand for immediate payment of

benefits if "the record as a whole creates serious doubt that a claimant is, in fact,

disabled."  *Garrison*, 759 F.3d at 1021.

The Court finds further proceedings are necessary for the ALJ to resolve

conflicts in the evidence, including the conflicting medical opinions and conflicts

in Plaintiff's reports.  As such, the case is remanded for proceedings consistent

with this Order.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the

ALJ's decision is not supported by substantial evidence and is not free of harmful

legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

ORDER - 24

2. Defendant's Motion for Summary Judgment, **ECF No. 21**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED March 29, 2021.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 25